# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| FRANCISCO DE LOS REYES, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | Cause No. EP-25-CV-131-KC |
| § | | |
| BOBBY LUMPKIN, § | | |
| Director, Texas Department of § | | |
| Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
|     Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Francisco De Los Reyes challenges Respondent Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1.[1] His petition is dismissed without prejudice for the following reason.

### BACKGROUND

De Los Reyes is a 70-year-old state prisoner at the Terrell Unit in Rosharon, Texas. *See* Tex. Dep't of Crim. J., https://inmate.tdcj.texas.gov/InmateSearch/search.action (Search for TDCJ No. 01878980) (last visited Apr. 30, 2025). His parole eligibility date is October 31, 2027, and his projected release date is October 30, 2042. *Id*.

De Los Reyes was indicted on four counts of aggravated sexual assault on a child under 14 years old in cause number 20020D06479 in the 41st District Court of El Paso County, Texas. *De Los Reyes v. Lumpkin*, No. EP-24-CV-24-LS, 2024 WL 3447529, at *1 (W.D. Tex. July 17, 2024), *certificate of appealability denied*, No. 24-50618, 2024 WL 5359538 (5th Cir. Oct. 28, 2024). He pleaded guilty and was sentenced to 30 years' imprisonment. *Id*. He did not file a direct appeal. *Id*.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

His state writ petition was denied without a written order on the trial court's findings. *Id*.

In a prior § 2254 petition, De Los Reyes claimed (1) he was not informed of the nature of the charges against him during the seven months he was held in a Mexican jail awaiting extradition; (2) his counsel failed to investigate the allegations against him; (3) although he was drunk and under the influence of marijuana at the time of the incidents which gave rise to the charges against him, his counsel failed to raise a diminished capacity defense; (4) his arrest and detention were unlawful and the allegations against him did not provide a proper basis for his extradition; (5) the paperwork for his extradition was not properly authenticated; (6) his counsel colluded with the prosecutor to get him to waive his right to a jury trial; (7) he is not the person named in the extradition paperwork; (8) he was under the influence of alcohol and drugs and did not remember anything the victim said about the incidents; (9) he was the victim of assault while in the Mexican jail; (10) his counsel failed to tell him of the potential immigration consequences of his conviction; and (11) his counsel told him to plead guilty to four felonies when he was guilty of only one of the offenses. *Id*. His prior § 2254 was dismissed with prejudice as untimely. *Id*. at 4.

In his instant § 2254 petition, De Los Reyes claims (1) the grand jury considered unconstitutionally obtained DNA evidence, and (2) his trial counsel provided ineffective assistance when he failed to challenge the introduction of the unconstitutionally obtained DNA evidence. Pet'r's Pet., ECF No. 1 at 6, 8. He argues he is entitled to equitable tolling because he was denied access to the evidence for more than nine years. *Id*. at 14. He asks the Court to authorize him to file and presumably address the issues in this second § 2254 petition or order a new trial. *Id*. at 16.

## STANDARD OF REVIEW

Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). The AEDPA requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due diligence."  28 U.S.C. § 2244(b)(2). More importantly, the AEDPA bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *cf. Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a [28 U.S.C.] § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

"Although Congress did not define the phrase 'second or successive,' [it] does not simply 'refe[r] to all section 2254 applications filed second or successively in time.'" *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). The Supreme Court permits a petitioner to pursue another petition without prior authorization from a court of appeals in three situations. First, a petitioner may proceed when he raises a claim which was not ripe at the time of his first application. *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007). Second, a petitioner may proceed when he raises a claim

3

which was dismissed from his first application as premature but is now ripe. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998). Finally, a petitioner may proceed when he raises a claim which was previously dismissed for lack of exhaustion. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

An application is clearly second or successive, however, when it (1) raises a claim "that was or could have been raised in an earlier petition," or (2) "otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). *See also Graham*, 168 F.3d at 774 n.7 ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

## ANALYSIS

De Los Reyes' prior § 2254 petition was dismissed with prejudice as time barred. Such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions in 28 U.S.C. § 2244(b)(2). *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).

De Los Reyes' claims in his instant § 2254 petition—which attack the same conviction and sentence as his prior § 2254 petition—do not rely on a new rule of constitutional law or a factual predicate which could not have been discovered previously through the exercise of due diligence. Indeed, his claims were ripe and could have been presented in his prior petition. His instant petition is therefore second or successive.

Moreover—because De Los Reyes has not shown the requisite authorization from the Fifth Circuit Court of Appeals to proceed—the Court finds it lacks jurisdiction to hear his claims. *Key*,

4

205 F.3d at 774; *Hooker*, 187 F.3d at 681–82. The Court must accordingly dismiss De Los Reyes' petition without prejudice to his re-filing, should he obtain the proper approval from the Fifth Circuit.

### CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Id*.

The Court will not issue a certificate of appealability because reasonable jurists could not debate the Court's reasoning for dismissing De Los Reyes' claims. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

### CONCLUSIONS AND ORDERS

For the reasons discussed above, the Court concludes De Los Reyes' instant petition is a successive § 2254 application within the meaning of the AEDPA. The Court further concludes that De Los Reyes has not obtained prior approval from the Fifth Circuit Court of Appeals to proceed with his petition. The Court finally concludes that a certificate of appealability should not be

issued. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Francisco De Los Reyes' "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Francisco De Los Reyes is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 30th day of April, 2025.

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**